# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN SON, | : |
| Petitioner, | : Civ. No. 16-5061 (RBK) |
| v. | : |
| DAVID ORTIZ, | : OPINION |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Lincoln Son, is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that there was no evidence to support a prison disciplinary finding against him that resulted in his losing forty-one days of good conduct time. For the following reasons, the habeas petition will be denied.

## II. BACKGROUND

According to a prison discipline incident report, on August 26, 2013, an officer conducting a shakedown of cell 128 in Unit A-B found a false bottom in the ladder leading to the upper bunk. (Dkt. No. 1-1 at 1.) The ladder was in a common area of the cell. (*Id.*) The ladder bottom contained a piece of metal approximately nine inches long and sharpened to a point. (*Id.*) The officer noted that Petitioner had been moved on August 23, 2013, to another cell but that Petitioner claimed that he did not know about the move and was inadvertently still occupying the living space of cell 128.

The incident report was referred to the Discipline Hearing Officer ("DHO"). Petitioner was advised of his rights in preparation for the DHO hearing. (Dkt. No. 4-3 at 16.) Petitioner requested a staff representative and declined the right to call witnesses. (*Id.* at 18.) On September 3, 2013, a DHO hearing was held. In addition to the incident report, the DHO considered a photograph of the homemade weapon. (*Id.* at 22.)

The DHO found that petitioner had violated Code 104, possession of a weapon. In his report, the DHO stated:

> The DHO considered your statement that you have been in the cell for 6 months and you had no idea there was a weapon in the cell. You had already been approved to move but you failed to move in time. While this may be true, it was still considered that the homemade weapon was found in a common area in the cell, which was easily accessible to you or your cell partners. It was in the ladder accessible without the use of tools where you or your cell partners could get it in a moment's notice. However, your inmate handbook states on page 6 under the Searches heading; You will be held responsible for all contents of your locker, room, and area. If any unauthorized items, or "CONTRABAND", are found during any of the searches, they will be confiscated and you will be subject to disciplinary action. The DHO found there was no credible information which would make the DHO believes that the weapon belonged to someone other than you. The DHO found the greater weight of the evidence in the reporting officer's eyewitness account of the incident and supporting documents that the weapon belonged to you. Accordingly, the DHO found that you committed the prohibited act as stated above.

(Dkt. No. 4-3 at 23.) Petitioner received a sanction of the disallowance of forty-one days good conduct time among other sanctions.

Petitioner appealed the DHO's decision to the Regional Director. In his appeal, Petitioner asserted that another inmate claimed ownership of the weapon. The Regional Director denied the appeal, addressing Petitioner's argument as follows:

> You contend your cell-mate claimed the contraband. The OHO outlined in detail the evidence utilized to find you committed the

2

> prohibited act and the reasons. he did not believe your defense. Further, in accordance with Program Statement 5270.09, Inmate Discipline Program, Page 39, "It is your responsibility to keep your area free of contraband." In this case, the contraband was found in a common area of *your* cell and you are responsible for all items found in these areas. We concur with the DHO's interpretation of the incident.

(Dkt. No. 4-3 at 8.) The BOP's Central Office then denied petitioner's appeal from the Regional Director's decision. (*See id.* at 11.)

Petitioner subsequently filed this federal habeas petition. He argues that the DHO's conclusion that the weapon was found in his assigned cell was incorrect and that there was "absolutely no evidence" that Petitioner possessed the weapon. (Dkt. No. 1-2 at 4.) Petitioner argues that he was not assigned to cell 128 and that his cellmate claimed ownership of the weapon. He further argues that his possession of the weapon is "inconsistent with the facts surrounding the finding of the weapon and . . . also inconsistent with established case law for this type of alleged 'possession.'" (*Id.*)

Respondent filed an answer in opposition to the habeas petition. Though Petitioner requested and was granted two extensions of time in which to file a reply to Respondent's answer (Dkt. Nos. 6, 8), Petitioner did not file a reply.

### III. DISCUSSION

Petitioner argues that there was insufficient evidence before the DHO to find him guilty of the disciplinary charge. As noted by the United States Court of Appeals for the Third Circuit:

> Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. *See* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20 (2008). When such a statutorily created right exists, "a prisoner has a constitutionally protected liberty interest in good time credit." *Young v. Kann,* 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell,* 418 U.S. 539, 556–57, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). . . .

3

> [A] prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff,* 418 U.S. at 557, 94 S. Ct. 2963, 41 L. Ed. 2d 935. "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prisoner disciplinary [officer] are supported by some evidence in the record." *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (internal quotation marks and citation omitted). As this court has clarified, the "some evidence standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding. *See Brown v. Fauver,* 819 F.2d 395, 399 n. 4 (3d Cir.1987).

*Denny v. Schultz,* 708 F.3d 140, 144 (3d Cir. 2013) (footnote omitted). The "some evidence" "standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers,* 529 F. App'x 121, 123 (3d Cir. 2013) (citing *Thompson v. Owens,* 889 F.2d 500, 502 (3d Cir. 1989)). Instead, "the relevant inquiry asks whether 'there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Id.* (quoting *Hill,* 472 U.S. at 455–56).

Petitioner's contention that there was "absolutely no evidence" that he possessed the weapon lacks merit. Courts consistently have upheld the rule that inmates can be held to be in "constructive possession" of contraband found in their cells. *See Denny,* 708 F.3d at 145; *see also Santiago v. Nash,* 224 Fed. Appx. 175, 177 (3d Cir. 2007) ("some evidence" rule may be satisfied by application of the constructive possession doctrine where only a small number of inmates are potentially guilty of the offense charged); *Reynolds v. Williamson,* 197 Fed.Appx. 196, 199 (3d Cir.2006) (applying doctrine of constructive possession where only two people were assigned to cell in which sharpened rod was found inside sink drain); *Hamilton v. O'Leary,*

4

976 F.2d 341, 346 (7th Cir.1992) (applying doctrine of constructive possession where weapons found in air vent of cell shared by four inmates). As the Third Circuit has explained,

> The application of collective responsibility in the prison context has its foundation in BOP Program Statement 5270.07, *Inmate Discipline and Special Housing Units,* which provides that it is an inmate's responsibility to keep his or her area free of contraband . . . . Although the BOP Program Statement does not define the term "area," a prisoner's area at a minimum includes the prisoner's cell as well as any other space accessible from within the cell. In a shared cell, all parts of the cell are equally accessible to each prisoner housed in the cell. Thus, each individual prisoner is responsible for keeping the entire cell free from contraband. Because each prisoner in a shared cell has an affirmative responsibility to keep the entire cell, and all other space accessible from within the cell, free from contraband, it follows that any contraband found within the cell is constructively possessed by each of the inmates housed in that cell. Thus, the mere discovery of contraband in a shared cell constitutes "some evidence" that each prisoner in that cell possessed the contraband.

*Denny,* 708 F.3d at 146.

Here, the DHO's deducting forty-one days of good conduct time did not violate Petitioner's due process rights because there was "some evidence" to support the disciplinary officer's decision. The cell in which the weapon was found was occupied by three inmates, including Petitioner, and was found in a common area of the cell equally accessible by all. Though Petitioner contends that he was not assigned to the cell in question, he also acknowledges that he continued to reside in and occupy the cell because he was unaware that he had been assigned to another cell. As for Petitioner's argument that another inmate claimed possession of the item, that is of no moment where Petitioner had an affirmative responsibility to keep his cell free from contraband – potentially, including "policing the illicit activities of [his] cellmates." *See Deny,* 708 F.3d at 147; *see also, Okocci v. Klein,* 270 F. Supp. 2d 603, 613 (E.D. Pa. 2003) (observing that constructive possession doctrine has been extended to situations where other inmates claimed responsibility for contraband), *aff'd sub nom. Remoi v. Klein,* 100 F. App'x

5

127 (3d Cir. 2004). As discussed above, the "some evidence" standard asks whether there is *any* evidence in the record that supports the disciplinary decision without an independent weighing of that evidence. Applying the standards regarding constructive possession discussed above, and considering the application of BOP Program Statement 5270.09, the record contains sufficient evidence to support the DHO's conclusion regarding Petitioner's possession of the weapon. Accordingly, the removal of Petitioner's good time credit did not violate his due process rights.

## IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is denied. An appropriate order will be entered.

DATED: May 11, 2018

ROBERT B. KUGLER
United States District Judge